IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| HAWTHORN EDUCATION ASSOCIATION, IEA-NEA; LILIA DAVIS; PAMELA KOURIS; MARY PATE; GERRI SILVER; and JOAN WEINBERG, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| BOARD OF EDUCATION, HAWTHORN COMMUNITY CONSOLIDATED SCHOOL DISTRICT 73, | ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiffs Hawthorn Education Association, IEA-NEA ("the Association"), Lilia Davis, Pamela Kouris, Mary Pate, Gerri Silver and Joan Weinberg ("the Individual Plaintiffs"), by their undersigned attorneys, hereby bring this action against defendant Board of Education of Hawthorn Community Consolidated School District 73 ("Defendant" or "the District") seeking to recover damages on behalf of the Individual Plaintiffs caused by the acts of age discrimination complained of herein, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. (the "ADEA").

### Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343. This action is authorized and instituted pursuant to Sections 7(b) and 7(c) of the ADEA, as amended, 29 U.S.C. §§ 626(b) & 626(c), which incorporate by reference the enforcement provisions of Section 16 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216. The employment practices alleged herein violate Section 4(a) of the ADEA, 29 U.S.C. § 623(a).

2. Venue is proper in this Court in that defendant District resides within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, and a substantial part of the acts, events or omissions giving rise to the claims were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391.

### The Parties

3. Plaintiff Association is an unincorporated association, serving as the certified collective bargaining representative of the District's licensed or certificated employees, including its teachers. The Association primarily operates in the locations in which the District's facilities are located, in Lake County, Illinois, and has its principal place of business in Lake County, Illinois. The Association is affiliated with the Illinois Education Association ("IEA") and the National Education Association ("NEA").

4. The Association has the capacity to sue and to be sued as an entity.

5. The Association has at least twenty-five members and is a labor organization within the meaning of the ADEA. 29 U.S.C. § 630(e). The Association is a "person" within the meaning of the ADEA. 29 U.S.C. § 630(a).

6. The Association is an "aggrieved person" within the meaning of the ADEA and, as such, may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of the ADEA. 29 U.S.C. § 626(c)(1).

7. The Association's purposes include providing aid in securing and maintaining adequate salaries, benefits, tenure, sound retirement systems, and other improvements in the terms and conditions of employees it represents; to provide assistance in the protection of professional and

civil rights and due process; to protect employment rights; and to assist employees and retired employees in the protection of their rights under law. The Association may bring the claims in this case on behalf of itself and of the Individual Plaintiffs.

8. Plaintiffs Lilia Davis, Pamela Kouris, Mary Pate, Gerri Silver and Joan Weinberg are individuals who were employed by the District as teachers or other certificated or licensed employees at the time the conduct complained of herein took place. They are employed by the District (or were employed by the District prior to retiring from their employment with the District) as teachers or other certificated or licensed employees. They are (or were) represented by the Association with respect to their wages, hours and other terms and conditions of employment as employees; they are represented by the Association with respect to their employment-related rights as employees; and they are represented by the Association after retirement with respect to their employment-related rights. They are (or were at the time the conduct complained of herein took place) members of the Association.

9. In addition to participating in this matter as Individual Plaintiffs, each of the Individual Plaintiffs has authorized the Association to represent her in this case. Each of them is paying dues to, and maintains membership in, HEA and/or IEA.

10. All of the Individual Plaintiffs were subject to the same policy and practice that discriminates on the basis of age and which is the subject of this lawsuit, pursuant to the terms and conditions of employment set forth in the collective bargaining agreements that were in effect between the 2010-11 and the 2017-18 school years (including, but not limited to, during the years in which their pay was capped as alleged herein, and to the extent that their compensation was limited in ensuing years as a result of the salary cap).

11. Davis resides in Mundelein, Illinois. Kouris resides in Glenview, Illinois. Pate resides in Zion, Illinois. Silver resides in Vernon Hills, Illinois. Weinberg resides in Buffalo Grove, Illinois. All except Kouris (who resides in Cook County, Illinois) are residents of Lake County, Illinois.

12. Davis' date of birth is December 29, 1952; Kouris' date of birth is January 2, 1957; Pate's date of birth is July 21, 1956; Silver's date of birth is February 4, 1962; and Weinberg's date of birth is April 28, 1953. All of the Individual Plaintiffs were older than 40 years of age at the time the District applied the salary cap to them.

13. Each of the Individual Plaintiffs was affected by the District's practices that are the subject of this complaint, in that their compensation was limited due to their age.

14. Each of the Individual Plaintiffs is a "person" within the meaning of the ADEA. 29 U.S.C. § 630(a). The Individual Plaintiffs are "aggrieved persons" within the meaning of the ADEA and, as such, may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of the ADEA. 29 U.S.C. § 626(c)(1).

15. Each of the Individual Plaintiffs has given her consent in writing to become a party plaintiff to this action, and each such written consent is being filed in the Court (filed herewith as Exhibits 1-5), in accordance with 29 U.S.C. § 216(b), incorporated into the ADEA. 29 U.S.C. § 626(b).

16. Defendant Board of Education of Hawthorn Community Consolidated School District 73 is, and has been at all relevant times, the duly authorized public body, pursuant to the Illinois School Code, that governs and operates the pre-kindergarten through eighth grade public school district serving the communities of Vernon Hills, Mundelein, Libertyville, Indian Creek and unincorporated areas of Lake County, Illinois. The District's headquarters is located at 841 West End

Court, Vernon Hills, Illinois 60061, in Lake County, Illinois.

17. The District is, and has been at all relevant times, an employer within the meaning of Section 11(b) of the ADEA, 29 U.S.C. § 630(b).

18. The District has the capacity to sue and to be sued in its common name under applicable law and is subject to the Court's personal jurisdiction with respect to this action.

### The Illinois Pension Code Provision Regarding Excess Contributions to be Paid by Districts With Respect to Certain Licensed Employees

19. Illinois law provides for pensions for retired public school licensed employees, administered by the Teachers' Retirement System of the State of Illinois ("TRS").

20. The Illinois Pension Code sets forth the eligibility requirements for licensed employees to receive a retirement annuity from TRS. To be eligible for such an annuity, in addition to terminating service, the licensed employee must meet certain age and years of service requirements. 40 ILCS 5/16-132. The requirements are as follows: (1) five (but less than 10) years of service/62-years old; (2) at least 10 (but less than 20) years of service/60-years old; or (3) at least 20 years of service/55-years old. 40 ILCS 5/16-132(a).

21. In general and as relevant to the present case, the amount of an eligible licensed employee's monthly-annuity (pension) is calculated based on the "average salary for the highest 4 consecutive years within the last 10 years of credible service." 40 ILCS 5/16-133(b).

22. Under the Illinois Pension Code, if, for any of the years used to calculate a licensed employee's final compensation, a licensed employee's creditable earnings increase from one year to the next by more than six percent, the licensed employee's employer is required to pay to TRS "the present value of the increase in benefits resulting from the ... increase." 40 ILCS 5/16-158(g). Such payments are known as excess contributions (or as "penalties").

23. That statutory provision does not prohibit school districts from increasing affected employees' creditable earnings by more than six percent per year. Rather, it only makes school districts financially responsible to pay TRS excess contributions.

### The Age-Based Salary Cap

24. At relevant times, the collective bargaining agreements in effect between the District and the Association provided that any licensed or certified employee, including teachers, who is eligible to retire within four years cannot earn more than 6% more than their previous year's TRS creditable earnings.

25. Specifically, Section 17.1 of the Collective bargaining agreement that was in effect from September 1, 2010 to August 31, 2015, provided:

> Eligible teachers may receive up to four years of 6% increases to the base and not exceeding more than 6% in total TRS creditable earnings (over the prior year's TRS total annual creditable earnings) before retirement by providing an irrevocable written notice of retirement to the District. The 6% increase shall be calculated on the previous year's base salary. This provision will in no event result in a teacher receiving more than a 6% increase over the previous year's total creditable earnings in any single year of employment and the District reserves the right to adjust income to prevent teachers from exceeding a 6 % increase in total creditable earnings during this time period.

(That collective bargaining agreement is filed herewith as Exhibit 6.)

26. Section 17.1 of the collective bargaining agreement that was in effect from July 1, 2015 to June 30, 2018, similarly provided:

> A teacher who is eligible to retire within 4 years cannot earn more than 6% more than their previous year's TRS creditable earnings. The 6% limit shall be calculated based upon the teacher's total annual creditable earnings, inclusive of salary schedule movement, extracurricular pay, monetary stipends and/or any other payment used in the calculation of creditable earnings for purposes of the TRS 6% cap on end of career earnings. This District reserves the right to adjust income to prevent teachers from exceeding a 6% increase in total creditable earnings during this time period so that a teacher will not receive more than a 6% increase over the previous year's total

TRS creditable earnings in any single year of employment. (That collective bargaining agreement is filed herewith as Exhibit 7.) A memorandum of understanding, dated March 8, 2015, attached to the 2015-18 collective bargaining agreement, extended the terms of Section 17.1, including the salary cap, to employees who provided an irrevocable written notice of retirement on or before February 1, 2018, for an effective retirement date set to occur on or before June 30, 2022 (included in Exhibit 7 filed herewith).

27. Those provisions applied whether or not the licensed employee in fact retired at the time she or he first became eligible to retire.

28. At the insistence of the Association, this provision was eliminated from the collective bargaining agreement covering school years after the end of the 2017-18 school year.

### The EEOC Charge

29. On October 3, 2017, the Association filed a charge against the District with the Equal Employment Opportunity Commission (the "EEOC"), on behalf of all affected employees, alleging that the District was violating the ADEA, by limiting certain employees' compensation due to their age, based on the salary cap. The EEOC is the federal agency charged with the administration, interpretation and enforcement of the ADEA, among other laws.

30. In particular, that charge (Charge No. 470-2018-00137) alleged that the District:

> maintains and enforces a policy providing that any certified employee, including teachers, "who is eligible to retire within 4 years cannot earn more than 6% more than their previous year's TRS [Illinois Teachers Retirement system] creditable earnings." That policy discriminates against members of the bargaining unit represented by the Hawthorn Education Association ("HEA") who are over the age of 40, in violation of the Age Employment in Discrimination Act. The District has applied this salary policy since the beginning of the 2010-11 school year, and the District continues to cap HEA bargaining unit members' salaries based on the policy. As a result, at least six HEA bargaining unit members have been denied salary increases in excess of 6% in a given school year based on their age, and members

7

    who were subjected to the salary cap in the past continue to be subjected to unlawful employment practices by the District each time one of those members is paid compensation and/or benefits that is or are lower as a result of the District's past discriminatory compensation practices. The District has refused HEA's requests to eliminate this policy and to compensate affected employees.

A copy of that charge is filed herewith as Exhibit 8.

    31.    A copy of the charge was served on the District.

    32.    After conducting an investigation, on August 10, 2020, the EEOC issued a reasonable cause determination, finding that there was reasonable cause to believe that the salary cap violated the ADEA. A copy of that document is filed herewith as Exhibit 9.

    33.    The EEOC then attempted to eliminate the unlawful employment practice alleged herein and to effect voluntary compliance with the ADEA through the informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

    34.    Among other things, the EEOC made a written conciliation proposal to the District. As far as the Association is aware, the District did not accept that proposal, or respond to it with a counter-proposal or otherwise substantively respond.

    35.    The EEOC determined that the conciliation process could not resolve the case.

    36.    By letter dated March 22, 2021, the EEOC notified the Association that it had completed its processing of the charge, and provided notice of the right to sue within 90 days of receipt of that letter. A copy of that letter is filed herewith as Exhibit 10.

    37.    As far as the Association is aware, in the EEOC's investigation, except for the five Individual Plaintiffs (and one other), the EEOC did not identify any other employees who were affected by the age-based salary cap, nor did it determine to what extent each of the Individual

Plaintiffs lost money due to the salary cap.

38. Plaintiffs thereby exhausted available administrative remedies within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

39. The Association has not otherwise been able to identify any other persons, aside from the Individual Plaintiffs (and one other person), who were affected by the salary cap. The District refused to provide such information to the Association, despite its requests to do so.

40. This complaint is timely filed inasmuch as it is being filed within the ninety-day period provided for in the EEOC's notice of right to sue letter of March 22, 2021, as provided in Section 7(e) of the ADEA, 29 U.S.C. § 626(e).

41. The claim in this complaint falls within the scope of the EEOC charge in that the claims are essentially identical: that the salary cap violated the ADEA.

42. For the same reason, the allegations in this complaint are reasonably related to those contained in the EEOC charge: the claim in this complaint developed from the EEOC's investigation; and there is a direct factual relationship between the claim in the charge and the claim in this complaint. The EEOC charge was brought by the Association on behalf of all employees who were affected by the salary cap. It alleged that the District's application of the cap discriminates against members of the bargaining unit represented by the Association on the basis of age; that the cap was applied to at least six employees (including the Individual Plaintiffs); that the employees who were subjected to the salary cap in the past continued to be subjected to the cap each time one of employees was paid; and that the District refused to compensate the affected employees.

43. The EEOC charge and the complaint describe the same conduct and implicate the same individuals, i.e., those employees who were affected by the salary cap.

44. In addition, the charge afforded the District notice of the conduct underlying the allegations in this complaint; the charge afforded the EEOC and the District an opportunity to attempt conciliation; the charge permitted the EEOC to determine whether the charge established cause to believe that the salary cap violated the ADEA; and the charge established the scope of the alleged violation.

**Statement of Claims**

45. The District has engaged in unlawful employment practices in violation of Section 4(a)(1) of the ADEA, 29 U.S.C. § 623(a)(1), by discriminating, because of their age, against the Individual Plaintiffs who are at least 40 years of age, with respect to their compensation.

46. More specifically, the District has limited the salary increases of the Individual Plaintiffs who are at least 40 years old, through the application of the salary cap, which prohibited increases in compensation of licensed employees who are less than four years from retirement eligibility to no more than six percent of their prior year's total creditable earnings.

47. Because retirement eligibility is based on a combination of age and years of service, the salary cap violated the ADEA by prohibiting pay increases because of age. Under the salary cap, licensed employees with equal years of service were treated differently due to the age, with older employees having their salaries limited.

48. The practice complained of herein has deprived the Individual Plaintiffs, being at least 40 years of age, of equal employment opportunities and otherwise adversely affected their compensation and status as employees, because of their age.

49. The Individual Plaintiffs have been injured by the loss of compensation due to the salary cap (including, but not limited to, during the years in which their pay was capped, and to the

extent that their compensation was limited in ensuing years as a result of the salary cap) and therefore have a right to sue in their own right.

50. The unlawful employment practices complained of herein were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## **Damages and Other Relief**

51. As a direct result of the District's employment practices complained of herein, the Individual Plaintiffs were damaged in that their compensation was reduced, in amounts to be determined through discovery and at trial, due to their age.

52. Because the District's employment practices complained of herein were willful, the Individual Plaintiffs are entitled to an award of liquidated damages as provided for in Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and in 29 U.S.C. § 216(b).

53. The District is liable to the Individual Plaintiffs in the amount of their unpaid wages, and in an additional equal amount as liquidated damages. 29 U.S.C. § 626(b); 29 U.S.C. § 216(b).

54. The District is liable for plaintiffs' attorneys' fees and costs. 29 U.S.C. § 626(b), incorporating by reference in 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray that the Court:

A. Find that the District violated the ADEA by applying the salary cap to the Individual Plaintiffs.

B. Order the District to make the Individual Plaintiffs whole for all losses suffered due to the application of the salary cap to them.

C. Find that the District's violation of the ADEA was willful.

D. Order the District to pay liquidated damages to each of the Individual Plaintiffs in an additional amount equal to their lost compensation suffered due to the application of the salary cap to them.

  E. Order the District to pay Plaintiffs' attorneys' fees and the costs of litigation.

  F. Provide for such other relief as is just and proper.

  G. Enter a judgment against the District providing for such relief.

            Respectfully submitted,

            /s/ Angie Cowan Hamada
            Angie Cowan Hamada
              One of the Attorneys for Plaintiffs

N. Elizabeth Reynolds (90784815)
Angie Cowan Hamada (6285970)

Allison Slutsky & Kennedy, P.C.
230 West Monroe Street, Suite 2600
Chicago, Illinois 60606
(312) 364-9400
Fax (312) 364-9410

Reynolds@ask-attorneys.com
Hamada@ask-attorneys.com

June 16, 2021